### Fred Lueders et al., Appellees, v. George Darling, Appellant.

1. PAYMENT—*sufficiency of evidence to show bonds of corporation received by sureties as collateral security.* Evidence in suit to compel contribution among sureties on notes of corporation held to show that bonds of corporation delivered to such sureties

were received as collateral security and not in payment of the corporate obligation to them.

2. PAYMENT—*sufficiency of evidence to show payment of corporate notes by sureties thereon seeking contribution.* Evidence in suit to compel contribution among sureties on notes of corporation held to show that such notes were paid by the sureties seeking contribution.

3. SURETYSHIP—*sufficiency of evidence to show insolvency of cosureties not parties to suit.* Evidence in suit to compel contribution among sureties on notes of corporation held to show that certain others of such sureties, not parties to the suit, were insolvent.

4. SURETYSHIP—*proof of nonresidence as basis for finding of insolvency of cosurety not party to suit, where insolvency only alleged.* Where in a suit by sureties upon the notes of a corporation to compel contribution from a cosurety the bill averred the insolvency of a cosurety not joined as a party, but the proof showed only that he was a nonresident, and there was no application for leave to amend the bill, the court did not err in refusing to find that such cosurety was insolvent, on the theory that in cases of this kind nonresidence is equivalent to insolvency.

Appeal by defendant from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed February 17, 1926.

H. J. BANDY and D. H. MUDGE, for appellant.

M. R. SULLIVAN, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

The Howe Safety Appliance Company became financially involved and to procure funds to enable it to continue in business ten of its eleven directors assumed the responsibility of sureties on notes aggregating $39,000. Appellees are six of those who thus obligated themselves. They filed a bill for contribution against appellant averring that the money was borrowed for the corporation on the credit of the directors who signed the notes; that appellant was one of the directors who signed the same; that appellees paid all of

the said indebtedness except $1,000 which was paid by director A. F. Howe; that A. F. Howe, J. T. Daniel and Ralph Kalish, who were directors and signers of said notes, and the corporation, are all insolvent. The bill prayed that appellant be required to pay appellees one-seventh (1/7) of the amount which they had paid on said notes. Issues were joined and the cause referred to the master who found and reported that the averments of the bill were true and recommended a decree in accordance with the prayer thereof. The court overruled all exceptions to the master's report except as to the finding that Kalish was insolvent and decreed that appellant should pay appellees one-eighth (1/8) of the amount paid by them instead of one-seventh (1/7) as prayed in the bill.

The Howe Safety Appliance Company placed a trust deed upon its real estate to secure bonds for $85,000, some of which bonds were sold and the money used by the company. Others of the bonds of the face value of about $40,000 were delivered to appellees. Appellant contends that the bonds delivered to appellees were received in full payment of the amount they paid on the notes in question. The trust deed was afterwards foreclosed and the real estate sold and there was derived from such sale twelve and one-half per cent. of the mortgage indebtedness. The court credited the amount received on the bonds held by appellees on the amount they had paid on the notes in question and required appellant to pay appellees one-eighth (1/8) of the balance. It is unnecessary to set out the evidence bearing upon this question. A careful consideration of the same leads to the conclusion that the bonds were received by appellees as collateral security and not in payment of the amount paid by them.

It is argued that $14,000 of the indebtedness in question was paid to the Granite City National Bank from the money received on notes made to the First National Bank and that the same was not paid by appellees.

The secretary-treasurer of the corporation testified positively that the notes held by the Granite City National Bank were not paid with the proceeds of the notes given to the First National Bank. Appellees testified that they paid all of the notes in question except $1,000 which was paid by Mr. Howe. We find no conflict in the evidence as to these matters and appellant's contention in that regard cannot be sustained.

It is argued that the evidence does not show that J. T. Daniel and A. F. Howe were insolvent. Mr. Daniel testified that he was not able to pay any part of the notes and that a judgment and execution against him would not produce enough money to pay any part thereof. Mr. Howe testified that he could not raise any more money and that he had no property out of which his share of the notes could be collected. In the absence of evidence to the contrary we are satisfied that the showing was sufficient to establish prima facie that these parties were insolvent.

Appellees have assigned cross errors to the effect that the court erred in refusing to find that Ralph Kalish was insolvent. They insist that he was shown to be a nonresident and that in a case of this kind nonresidence is equivalent to insolvency. It may be that an allegation and proof of nonresidence would have entitled appellees to recover a greater amount from appellant, but the bill averred that Kalish was insolvent and did not aver that he was a nonresident. There was no proof of his insolvency, but it was shown that he was a nonresident. A complainant in chancery cannot avail himself of any claim established by the proof which has not been alleged in his bill. *Millard v. Millard,* 221 Ill. 86. Appellees did not ask leave to amend their bill. The cross errors cannot be sustained.

No reversible error appearing in the record the judgment of the circuit court is affirmed.

*Affirmed.*